**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

PAUL H. SCHOEMAN
PARTNER
PHONE 212-715-9264
FAX 212-715-8064
PSCHOEMAN@KRAMERLEVIN.COM

August 12, 2013

<u>Via ECF</u>

The Honorable John Gleeson
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Visa U.S.A. Inc. v. Wal-Mart Stores Inc.*, No. 13 CV 3355 (JG) (JO)

Dear Judge Gleeson:

    On behalf of our client, Defendant Wal-Mart Stores, Inc., we write pursuant to Your Honor's Motion and Individual Practices respectfully to request a pre-motion conference to seek permission to file a motion to dismiss the Complaint in the above-captioned action pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

    On May 28, 2013, Wal-Mart provided formal notice that it opted out of the settlement class in <u>In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation</u>, No. 05 MD 1720 (E.D.N.Y.) (JG) (JO) (the "<u>Interchange Fee Litigation</u>"). Approximately two weeks later, on June 12, 2013, plaintiffs Visa U.S.A Inc., Visa Inc., and Visa International Service Association (collectively, "Visa") filed the instant Complaint, which purports to state six Counts against Wal-Mart for Declaratory Judgment. In essence, each Count seeks a declaratory judgment that Visa is not liable for the transgressions alleged in the <u>Interchange Fee Litigation</u>. The Complaint defines the "Damages Period" of its declaratory judgment action as spanning January 1, 2004 to November 27, 2012. (<u>See</u> Compl. ¶ 6).

    First, the Complaint must be dismissed because it constitutes improper forum shopping. Visa filed this declaratory judgment suit shortly after receiving notice of Wal-Mart's plans to initiate its own suit against Visa. The Complaint is an improper attempt to procedurally manipulate both the forum and the action itself. <u>See, e.g.</u>, <u>Fed. Ins. Co. v. May Dep't Stores Co.</u>, 808 F. Supp. 347, 349 (S.D.N.Y. 1992). The Complaint seeks to preempt Wal-Mart from litigating its affirmative claims against Visa in the forum of Wal-Mart's choice. When such anticipatory declaratory judgment litigation appears to have been motivated by forum shopping, dismissal of the declaratory judgment action is warranted. <u>Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc.</u>, 02 CIV. 10338 (SAS), 2003 WL 21277114, at *6

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable John Gleeson
August 12, 2013
Page 2

(S.D.N.Y. June 2, 2003); Mondo, Inc. v. Spitz, 97 CIV. 4822 (LAP), 1998 WL 17744, at *2-3 (S.D.N.Y. Jan. 16, 1998) (same); Fed. Ins. Co., 808 F.Supp. at 350 (same).  To excuse its blatant forum shopping, Visa incorrectly claims this Court is the "sole venue with jurisdiction" over Wal-Mart's claims against Visa under a Settlement Agreement filed in 2003 in In re Visa Check/MasterMoney Antitrust Litigation ("Visa Check").  (See Compl. ¶ 12).  The fatal flaw in Visa's argument is that the Release contained in the Visa Check Order and Final Judgment only applies to claims that relate to conduct prior to January 1, 2004.  (See Visa Check, No. 1:96-cv-05238 (JG) (JO), Final Order and Judgment).  Wal-Mart has not indicated, and Visa is not entitled to assume, that an opt-out suit by Wal-Mart will raise claims that predate January 1, 2004, and will thereby implicate the Release in Visa Check.  This Court is not the sole venue in which Wal-Mart may bring its claims.

Second, the Complaint should be dismissed because it impermissibly seeks a finding of non-liability for past conduct.  The Declaratory Judgment Act (the "DJA") "is intended to operate prospectively.  There is no basis for declaratory relief where only past acts are involved," Nat'l Union Fire Ins., 2003 WL 21277114, at *5 (citation omitted), and "any damages that are due have already accrued." Gianni Sport Ltd. v. Metallica, No. 00 Civ. 0937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000).  This is because "[t]he fundamental purpose of the DJA is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." Nat'l Union Fire Ins., 2003 WL 21277114, at *4 (citation and quotation marks omitted).  Here, the Complaint "seeks a declaration that from January 1, 2004 to November 27, 2012, the time period for which [Wal-Mart] may, as an opt-out, seek damages[,] Visa's conduct . . . did not violate federal antitrust law or the antitrust laws of the several States of the District of Columbia."  (See Compl. ¶¶ 6,7).  Not only is the entire Complaint based on allegations of past conduct, it explicitly defines the "Damages Period" as beginning on January 1, 2004 and ending on November 27, 2012.  Id.

In determining whether the instant Complaint should be dismissed, it is not necessary that Wal-Mart's complaint already be filed.  There is no requirement that the "second suit" be filed before Wal-Mart may seek dismissal of Visa's Complaint for Declaratory Judgment.  See Fed. Ins. Co., 808 F. Supp. at 351 ("Plaintiff vigorously argues that [defendant]'s failure to commence an action in some other jurisdiction precludes disposition of its motion in its favor.  This argument is without merit. By bringing an anticipatory declaratory judgment action, [plaintiff] initially deprived [defendant] of its choice of forum. It was appropriate in the circumstances for [defendant] to await disposition of the present motion before commencing another action in a different forum.").  Upon dismissal of this case, Wal-Mart should be allowed to file its opt-out complaint in the forum of its choosing.

Finally, public policy supports dismissal of this declaratory judgment action.  Wal-Mart has already been permitted by this Court to opt-out of the Rule 23(b)(3) class in the underlying class action, as is required by due process.  Wal-Mart Stores, Inc. v. Dukes, 131 S.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Honorable John Gleeson
August 12, 2013
Page 3


Ct. 2541, 2559, 180 L. Ed. 2d 374 (2011) ("In the context of a class action predominantly for money damages we have held that absence of notice and opt-out violates due process.")  Visa's declaratory judgment strategy appears designed to discourage opt-out claims and deprive Wal-Mart and others of their due process rights as plaintiffs.

***

For these and other reasons, Wal-Mart respectfully submits that Plaintiffs' Complaint should be dismissed in its entirety and requests permission to file a motion to dismiss the Complaint.

Respectfully submitted,


 /s/ Paul H. Schoeman                              /s/ James F. Bennett

Paul H. Schoeman                                   James F. Bennett
KRAMER LEVIN NAFTALIS & FRANKEL LLP                John D. Comerford
1177 Avenue of the Americas                        DOWD BENNETT LLP
New York, NY  10036                                7733 Forsyth Blvd., Suite 1900
Tel:  (212) 715-9100                               St. Louis, Missouri  63105
                                                   Tel:  (314) 889-7300



cc:     Counsel of Record (*via ECF*)